## The STATE of Ohio

### v.

### GOREY.

Wadsworth Municipal Court.

No. 94–TRC–4711–1.

Decided Dec. 13, 1994.

*Norman E. Brague*, Wadsworth Law Director, for the plaintiff.

*Julia A. Cain*, for the defendant.

---

JAMES L. KIMBLER, Judge.

This matter came to be heard upon an appeal of the administrative license suspension that was imposed by a police officer pursuant to R.C. 4511.191. The issue in the appeal is whether or not the defendant was "in fact" arrested by the officer who imposed the ALS.

The court makes the following findings of fact:

The defendant, Roy G. Gorey, was involved in a one-car accident on September 7, 1994. From the accident scene, he was taken to a local hospital. Before he was taken to the hospital, Trooper Sheppard of the Ohio State Highway Patrol arrived at the scene. He saw the defendant, but did not have an opportunity to speak to him. He did speak to a witness who told him that the defendant had been driving the automobile involved in the accident and that she had called the emergency medical squad.

After completing his investigation of the scene, Trooper Sheppard went to the hospital. At the hospital, he saw the defendant in the emergency room. At the emergency room, he noticed that the defendant had an odor of alcohol about his person and that the defendant scored six out of six on the HGN (horizontal gaze nystagmus) test. At that point, he advised the defendant that he was under arrest for operating under the influence of alcohol and requested a blood sample. The defendant refused to give a blood sample.

The court finds that the officer had reasonable grounds to believe that the defendant was operating a motor vehicle under the influence of alcohol. The problem for the state, however, is that R.C. 4511.191(H)(1)(a) requires that the state show that the arrested person was "in fact" placed under arrest. In this case, the court finds that the defendant was never "in fact" arrested prior to being asked to give a blood sample.

The word "arrest" is not defined in R.C. 4511.01 *et seq.* The common-law definition of "arrest" was developed by the Ohio Supreme Court in *State v. Barker* (1978), 53 Ohio St.2d 135, 7 O.O.3d 213, 372 N.E.2d 1324. That case set forth a four-prong test to establish an arrest. The prongs are:

1. was the defendant told he was under arrest;

2. by a person with real or pretended authority;

3. accompanied by an actual or constructive seizure; and

4. which was so understood by the person being arrested?

In this case, the defendant was told he was under arrest by a person with real authority, but he was never actually seized by the officer. Although *Barker* uses the term "constructive seizure," this court finds that the General Assembly, by using the phrase "in fact placed under arrest," indicated that a constructive seizure is not sufficient to invoke the administrative license suspension. This court finds that the General Assembly, by using the above language, was essentially modifying the definition of "arrest" in *Barker* to require that a defendant be actually taken into custody.

Therefore, the court finds that the appeal of the administrative license suspension imposed upon the defendant is well taken and that the suspension should be terminated by the Bureau of Motor Vehicles. Costs are accessed to the state of Ohio.

*So ordered.*